**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-50254 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-03431-LAB |
| v. | |
| GUILLERMO ALEGRE RAMIREZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 18, 2017[**]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Guillermo Alegre Ramirez appeals from the district court's judgment and challenges the 50-month sentence imposed following his guilty-plea conviction for importation of cocaine, in violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ramirez argues that the district court erred in denying a minor role reduction to his base level offense under U.S.S.G. § 3B1.2(b). After Ramirez was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline. The Amendment is retroactive to cases pending on direct appeal. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

The Amendment clarified that, in assessing whether a defendant should receive a minor role adjustment, the court should compare him to the other participants in the crime, rather than to a hypothetical average participant. *See* U.S.S.G. App. C Amend. 794; *Quintero-Leyva*, 823 F.3d at 523. In addition, the Amendment clarified that "[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). Finally, the Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction. *See id.* Because we cannot determine from the record whether the district court followed the guidance of the Amendment's clarifying language and considered all of the now-relevant factors, we vacate Ramirez's sentence and remand for resentencing under the Amendment. *See Quintero-Leyva*, 823 F.3d at 523-24.

In light of this disposition, we do not reach Ramirez's contention that his sentence is substantively unreasonable.

**VACATED and REMANDED for resentencing.**